IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARHAN MOHAMMED,<br><br>　　Plaintiff,<br><br><br><br>　　vs.<br><br><br><br>DAVIS COUNTY, County in Utah, and JOSHUA BOUCHER, an individual,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO QUASH SERVICE<br><br><br><br><br><br>Case No. 2:07-CV-637 TS |

　　This matter is before the Court on Defendants' Motions to Quash Service. For the reasons set forth below, the Court will grant Defendants' Motions.

### I.  BACKGROUND

　　On December 26, 2007, Defendant filed an Amended Complaint naming Davis County and Joshua Boucher as Defendants.[1]  Defendant then obtained two Summonses: one listing

---

[1]Docket No. 3.

1

Defendant Boucher[2] and one listing Defendant Davis County.[3]  The Summonses and Amended Complaint were served on Defendants' counsel,[4] who had previously filed a Motion to Quash.[5]

Defendants have now filed two more Motions to Quash, arguing that the Summonses failed to contain the names of both parties, were not directed to Defendants, and that Plaintiff did not properly serve the Summonses on Defendants. Plaintiff has failed to respond to the Motions.

II.  DISCUSSION

As Plaintiff is proceeding pro se, the Court will construe his pleadings and filings liberally.[6]  However, "[a] pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."[7]

Federal Rule of Civil Procedure 4(a) sets forth the necessary contents of a summons, which include, among others, the requirement that the summons name the parties and be directed to the defendant.  Rule 4(e)(2) provides how service on an individual may be accomplished and Rule 4(j)(2) provides the procedure for serving a local government.

Plaintiffs' Summonses do not comply with the requirements of Rule 4(a), nor did Plaintiff's attempts at service comply with Rules 4(e)(2) and 4(j)(2).  Plaintiff's Summonses did not name all of the parties.  Rather, each Summons only named each Defendant.  Further, they

---

[2]Docket No. 10, Exhibit A.

[3]Docket No. 13, Exhibit A.

[4]Docket No. 10, Exhibit A; Docket No. 13, Exhibit A.

[5]*See* Docket Nos. 4 and 6.  The previous Motion to Quash was granted by the Court.  *See* Docket No. 8.

[6]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

were not directed to Defendants, they were directed to Defendants' attorney. Finally, Plaintiff's attempts at service were improper because Defendants' attorney is not authorized to receive service of process.

As Plaintiff is proceeding pro se, the Court offers the following guidance. Plaintiff must obtain an amended Summons. That Summons must: (1) name the court and the parties, both Defendants Boucher and Davis County; and (2) be directed to Defendants, not their attorney. The Summons must also comply with all other requirements of Fed.R.Civ.P. 4(a)(1). Plaintiff must serve that amended Summons and the Amended Complaint on Defendants within thirty (30) days of this Order.

Any service on Defendant Boucher must comply with Fed.R.Civ.P. 4(e)(2). Thus, service on Defendant Boucher may be accomplished by doing any of the following: (1) delivering a copy of the summons and of the complaint to Defendant Boucher personally; (2) leaving a copy of the summons and the complaint at Defendant Boucher's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.[8] As indicated, Defendant Boucher's attorney is not authorized to receive service.

Any service on Defendant Davis County must comply with Fed.R.Civ.P. 4(j)(2). Under that Rule, service on Defendant Davis County may be accomplished by: (1) delivering a copy of the summons and of the complaint to the County's chief executive officer; or (2) serving a copy

---

[8]Fed.R.Civ.P. 4(e)(2).

of the summons and of the complaint in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[9]

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Quash Service (Docket Nos. 9 and 12) are GRANTED. Plaintiff must obtain an amended summons from the Clerk of the Court and serve the summons and Amended Complaint upon Defendants within thirty (30) days of this Order.

DATED   May 29, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] Fed.R.Civ.P. 4(j)(2).