IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARHAN MOHAMMED,<br><br>     Plaintiff,<br><br><br><br>          vs.<br><br><br>DAVIS COUNTY, County in Utah,<br>JOSHUA BOUCHER, an individual,<br><br>     Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br><br><br>Case No. 2:07-CV-637 TS |

This matter comes before the Court on Defendants' Motion to Dismiss.  For the reasons

discussed below, the Court will grant the Motion.

## I.  12(b)(6) STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual

allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

light most favorable to the nonmoving party.[1]  Plaintiff must provide "enough facts to state a

claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the Amended

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing
complaint where Plaintiffs "have not nudged their claims across the line from conceivable to
plausible").

Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3]

But, the court "need not accept conclusory allegations without supporting factual averments."[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted."[5]  Thus, "the complaint must give the

court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support

for these claims."[6]

## II.  FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint.  Plaintiff is Asian and

is Muslim.  On February 1, 2007, Plaintiff was traveling south bound on I-15.  Plaintiff was

stopped for an alleged speeding violation by Defendant Boucher, an employee of the Davis

County Sheriff's Office.

Defendant Boucher requested Plaintiff's license and registration, which Plaintiff

provided.  After time, Defendant Boucher informed Plaintiff that he would be receiving a ticket

for traveling nine miles per hour over the speed limit.  Plaintiff told Defendant Boucher that

while in traffic school for another ticket Plaintiff was informed that a person is normally allowed

to travel ten miles per hour over the speed limit on the freeway.  Plaintiff asked Defendant

---

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.
1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v.
Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Boucher if that information was true.  Defendant Boucher responded by stating that he was not going to argue with Plaintiff.  Plaintiff then inquired as to how the citation would impact a plea in abeyance that Plaintiff had entered into.  Again Defendant Boucher stated that he would not argue with Plaintiff and that if Plaintiff did not sign the citation he was going to put him in jail. Plaintiff told Defendant Boucher that he was not trying to argue, but was simply asking a question.  Defendant Boucher then took the citation from Plaintiff and arrested him.  Plaintiff claims various injuries as a result of his arrest.

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and Title VII.

### III.  DISCUSSION

Defendants Boucher and Davis County seek dismissal of Plaintiff's Title VII claim arguing that Title VII is inapplicable here.  Plaintiff concedes his Title VII claim.  Thus, the Court will grant Defendants' Motion on this ground and will dismiss this claim.

Defendant Davis County also seeks dismissal of Plaintiff's § 1983 claims against it because there is no cognizable § 1983 claim against it.[7]  Plaintiff does not respond directly to this argument, but instead argues that Defendants are not entitled to qualified immunity.  It should be noted that neither Defendant Boucher nor Defendant Davis County have moved for dismissal of Plaintiff's Amended Complaint based on qualified immunity.  Qualified immunity is merely listed as an affirmative defense for Defendant Boucher in Defendants' Answer.[8]  Defendant Davis County, as a governmental entity, may not assert qualified immunity.[9]  If Defendant

---

[7]Defendant Boucher has not moved for dismissal of Plaintiff's § 1983 claims against him.

[8]Docket No. 19, at 8.

[9]*See Beedle v. Wilson*, 422 F.3d 1059, 1069 (10th Cir. 2005) ("[A] governmental entity may not assert qualified immunity from a suit for damages.").

Boucher seeks dismissal of Plaintiff's Amended Complaint based on qualified immunity he may do so by way of an appropriate motion.  As he has not, the Court need not consider the parties' arguments on the issue of qualified immunity.

Turning to the merits of Defendant Davis County's arguments, the Court finds that Plaintiff has presented no cognizable claim against the County.  In *Monell v. Department of Social Services*,[10] the Court found that municipalities and other local government units are "persons" to which § 1983 applies.[11]  But the Court held "that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[12]  "Instead, in *Monell* and subsequent cases, [the Court has] required a plaintiff seeking to impose liability on a municipality to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[13]  It is not enough to identify conduct properly attributable to the municipality.[14]  "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

---

[10]436 U.S. 658 (1978).

[11]*Id*. at 690.

[12]*Id*. at 691.

[13]*Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[14]*Id*. at 404.

Looking at Plaintiff's Amended Complaint in the light most favorable to him and taking the allegations in his Amended Complaint as true, as the Court must, the Court can find no allegation that Plaintiff's injuries were caused by a policy or custom of Defendant Davis County. Thus, Plaintiff's § 1983 claims against Defendant Davis County must be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 21) is GRANTED.  The hearing set for September 12, 2008, is STRICKEN.

DATED   August 26, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

5